UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EUGENE CRAIG

    Plaintiff,

    v.

MICROBILT CORPORATION

    and

EMONEYUSA HOLDINGS, LLC

    Defendants.

Case No. 21-CV-230

### DEFENDANT EMONEYUSA HOLDINGS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Defendant eMoneyUSA Holdings, LLC ("Defendant"), who hereby answers Plaintiff Eugene Craig's Complaint (ECF. No. 1-1) ("Complaint"). All allegations contained in Plaintiff's Complaint are denied unless specifically admitted, and any factional averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculation that may be contained in the averment or in Plaintiff's Complaint as a whole.

### RESPONSES

1. With respect to Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring this action seeking redress for Defendants' alleged violations of the FCRA, but denies that it has violated FCRA or any other law implicated by Plaintiff's claims, and denies that Plaintiff is entitled to the relief sought by the Complaint or to any relief whatsoever in this action.

2. Defendant admits that this U.S. District Court has subject matter jurisdiction under 28 U.S.C. § 1331, but denies that it has violated the FCRA or any other law implicated by Plaintiff's claims, and denies that Plaintiff is entitled to the relief sought by the Complaint or to any relief whatsoever.  denies the remaining allegations of Paragraph 2 of the Complaint.

3. Defendant admits that venue is proper in this U.S. District Court but denies the remaining allegations of Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies the same.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore denies the same.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. With respect to Paragraph 7 of the Complaint, Defendant admits that it assists consumers in finding installment loans, and that it may engage in preliminary underwriting when assessing a loan application.  Defendant further states that Paragraph 7 states a legal conclusion to which no other response is required, and denies the remaining allegations of Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations of Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that it is licensed installment lender in the State of Wisconsin, and that it makes small loans to Wisconsin consumers pursuant to mutually agreed-upon

contractual terms. Defendant denies the remaining allegations of Paragraph 9 of Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies the same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies the same.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and therefore denies the same.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore denies the same.

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the language of the FCRA speaks for itself and denies the remaining allegations of Paragraph 24 of the Complaint.

25. To the extent Paragraph 25 pertains to the knowledge or conduct of an entity other than eMoney, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Defendant denies the remaining allegations of Paragraph 25 of the Complaint.

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the language of the FCRA speaks for itself and denies the remaining allegations of Paragraph 24 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

4815-2941-0789 v1

28. Paragraph 28 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the language of the FCRA speaks for itself and denies the remaining allegations of Paragraph 28 of the Complaint.

29. Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the language of the FCRA speaks for itself and denies the remaining allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant admits the allegations of Paragraph 32 of the Complaint.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the language of the FCRA speaks for itself and denies the remaining allegations of Paragraph 33 of the Complaint.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the language of the FCRA speaks for itself and denies the remaining allegations of Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint, and therefore denies the same.

36. To the extent Paragraph 36 pertains to an entity other than eMoney, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Defendant admits the allegations of Paragraph 36 of the Complaint as it pertains to itself.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the language of the FCRA speaks for itself and denies the remaining allegations of Paragraph 37 of the Complaint.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the language of the FCRA speaks for itself and denies all the remaining allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. In response to Paragraph 43 of the Complaint, Defendant incorporates its responses to Paragraphs 1-42 as if fully set forth herein.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies that Plaintiff is entitled to the relief sought specified in Paragraph 46 or to any relief whatsoever, and denies the remaining allegations of Paragraph 46 of the Complaint.

47. Defendant admits that Plaintiff Eugene Craig demands a trial by jury in Paragraph 47 denies the remaining allegations of Paragraph 47 of the Complaint.

4815-2941-0789 v1

## **DEFENDANT'S DEMAND FOR JURY TRIAL AND AFFIRMATIVE DEFENSES**

Defendant demands a trial by jury. Pursuant to Federal Rule of Civil Procedure 12, Defendant further asserts the following affirmative defenses and other defenses to Plaintiff's Complaint:

### AS A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim against Defendant.

### AS A SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no legally compensable injury in connection with the claims asserted against Defendant within the applicable periods of limitations preceding the filing of this action.

### AS A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to take reasonable steps to mitigate his alleged damages, delayed unreasonably in doing so, or has taken steps that have exacerbated his alleged damages.

### AS A FOURTH AFFIRMATIVE DEFENSE

Defendant did not engage in any conduct in violation of the FCRA.

### AS A FIFTH AFFIRMATIVE DEFENSE

Defendant's conduct was at all times undertaken in good faith.

### AS A SIXTH AFFIRAMTIVE DEFENSE

Defendant did not knowingly or willfully violate the FCRA.

### AS A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering from Defendant because there is no causal relationship between any injury alleged and any act of Defendant.

4815-2941-0789 v1

## AS AN EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Defendant.

## AS A NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and not capable of being determined with reasonable certainty.

## AS A TENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

## AS A ELEVENTH AFFIRAMTIVE DEFENSE

Plaintiff's claims are barred under the doctrines of consent, ratification, and agreement.

## AS A TWLEFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, acquiescence, and/or estoppel.

## AS A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the equitable doctrine of unclean hands.

## AS A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief arise out of the negligence, carelessness and/or intentional acts of other persons and parties, and this negligence, carelessness and/or intentional conduct proximately caused and/or contributed to the alleged incidents such that any liability of Defendant's should be reduced or eliminated.

## AS A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Wisconsin.

## AS A SIXTEENTH AFFIRMATIVE DEFENSE

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant eMoneyUSA Holdings, LLC, respectfully requests that this Honorable Court deny the relief requested in the Complaint, dismiss the action in its entirety, grant eMoneyUSA Holdings, LLC its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

DATED: April 13, 2021

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ *Rebecca J. Schwartz*
Rebecca J. Schwartz
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: 816-474-6550
Fax: 816-421-2708
rschwartz@shb.com

and

Andrew Lorenz
Ruder Ware LLSC
402 Graham Ave.
P.O. Box 187

9

Eau Claire, WI  54702-0187
715-834-3425
715-834-9240 (fax)
alorenz@ruderware.com

*Counsel for Defendant eMoneyUSA Holdings, LLC*

10

4815-2941-0789 v1

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 13th day of April, 2021, I electronically filed the foregoing motion with the clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

Eric Leighton Crandall
Crandall Law Firm, SC
421 West Second Street
PO Box 27
New Richmond, WI  54017
715-246-3973
WisconsinConsumerLaw@frontier.com

*Counsel for Plaintiff*

and

William E. Wallo
Bakke Norman, S.C.
130 S. Barstow Street
Eau Claire, WI  54701
715-246-3800
815-927-0411 (fax)
wwallo@bakkenorman.com

*Counsel for Defendant MicroBilt Corporation*

                                                  /s/ *Rebecca J. Schwartz*
                                                  Rebecca J. Schwartz