UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EUGENE CRAIG | DOCKET NO.: 3:21-CV-00230 |
| Plaintiff, | A CIVIL ACTION |
| v. | |
| MICROBILT CORPORATION | |
| and | |
| EMONEY USA HOLDINGS, LLC | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF MICROBILT CORPORATION**

Defendant MicroBilt Corporation ("MicroBilt"), files its Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows in support thereof:

**PRELIMINARY STATEMENT**

1. MicroBilt denies violating the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA") and denies furnishing consumer reports in violation of the FCRA or otherwise causing Plaintiff any harm for which Plaintiff is entitled to relief.

**JURISDICTION AND VENUE**

2. The allegations of this paragraph are conclusions of law to which no response is required.

3. The allegations of this paragraph are conclusions of law to which no response is required.

**PARTIES**

4. MicroBilt lacks knowledge sufficient to admit or deny at this time.

5. MicroBilt lacks knowledge sufficient to admit or deny at this time.

2690193.1

6. No response by MicroBilt is required to allegations directed at other parties.

7. No response by MicroBilt is required to allegations directed at other parties.

8. No response by MicroBilt is required to allegations directed at other parties.

9. No response by MicroBilt is required to allegations directed at other parties.

10. MicroBilt admits solely that it is a Delaware corporation.

11. MicroBilt admits solely that it is a "consumer reporting agency" as defined by the FCRA.

12. MicroBilt denies the allegation as stated.

## FACTUAL ALLEGATIONS

13. MicroBilt denies the allegation and admits solely that it duly and timely provided Plaintiff a file disclosure.

14. MicroBilt denies the allegation and admits solely that MicroBilt's disclosure to Plaintiff fully complied with the FCRA and contained all information and notices to which Plaintiff was entitled.

15. MicroBilt lacks knowledge sufficient to admit or deny the allegations.

16. MicroBilt denies the allegations factually and as conclusions of law to which no response is required and expressly denies violating the FCRA.

17. MicroBilt denies the allegations factually and as conclusions of law to which no response is required and expressly denies violating the FCRA. By way of further response, MicroBilt affirmatively asserts not all information "assembled" by MicroBilt constitutes an FCRA "consumer report" nor is all such information necessarily governed by the FCRA, nor is it "assembled" or "used" "for the purpose of furnishing…to third parties".

18. MicroBilt denies the allegations as conclusions of law to which no response is required, except admits it is a "consumer reporting agency" as defined by the FCRA.

19. MicroBilt denies the allegation that Plaintiff, directly or through counsel, submitted a dispute to MicroBilt or otherwise requested a reinvestigation.

20. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. However, to the extent directed at MicroBilt, MicroBilt denies the allegations that any person or entity submitted a dispute to MicroBilt or requested a reinvestigation, or alleged a report was improperly furnished by MicroBilt to any person, party, or third party.

21. MicroBilt denies the allegations as a conclusion of law to which no response is required and expressly denies violating the FCRA.

22. MicroBilt denies the allegations as conclusions of law to which no response is required and expressly denies violating the FCRA by furnishing Plaintiff's consumer report to eMoney as alleged in the Complaint or otherwise.

23. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties.

24. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports.

25. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports.

26. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports.

27. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt denies there was no "permissible purpose" under the FCRA for MicroBilt to furnish a consumer report to eMoney.

28. The allegation as written is denied as incomprehensible and not directed at MicroBilt.

29. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties.

30. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating

or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA.

31. MicroBilt denies the allegations as erroneous conclusions of law to which no response is required.

32. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA.

33. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA.

34. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination

of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA.

35. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, improperly furnishing Plaintiff's report in violation of the FCRA, failing to credential its customers, or disseminating or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA.

36. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt admits solely that no Court has ordered it to obtain (or release) Plaintiff's consumer report.

37. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA.

38. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent

directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA.

39. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA and further denies causing Plaintiff any harm for which he is entitled to relief.

40. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA and further denies causing Plaintiff any harm for which he is entitled to relief.

41. MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent

directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA and further denies causing Plaintiff any harm for which he is entitled to relief.

42.     MicroBilt lacks knowledge sufficient to admit or deny the allegations and further asserts no response by MicroBilt is required to allegations directed at other parties. To the extent directed at MicroBilt, MicroBilt denies the allegation as a conclusion of law to which no response is required, except MicroBilt expressly denies failing to maintain lawful procedures regarding the furnishing of reports, credentialing its customers, or disseminating or allowing the dissemination of reports or that it had knowledge or reason to believe that its customer eMoney did not have a lawful "permissible purpose" under the FCRA and further denies causing Plaintiff any harm for which he is entitled to relief.

## CLAIM FOR RELIEF

43.     MicroBilt repeats and realleges each and every response to paragraphs 1 – 42 above as if set forth in full.

44.     No response by MicroBilt is required to allegations directed at other parties, but to the extent directed at MicroBilt, MicroBilt denies the allegations as conclusions of law to which no response is required and expressly denies willfully or negligently violating the FCRA and denies causing Plaintiff any harm for which he is entitled to relief.

45.     No response by MicroBilt is required to allegations directed at other parties, but to the extent directed at MicroBilt, MicroBilt denies the allegations as conclusions of law to which

no response is required and expressly denies willfully or negligently violating the FCRA and denies causing Plaintiff any harm for which he is entitled to relief.

46. No response by MicroBilt is required to allegations directed at other parties, but to the extent directed at MicroBilt, MicroBilt denies the allegations as conclusions of law to which no response is required and expressly denies willfully or negligently violating the FCRA and denies causing Plaintiff any harm for which he is entitled to relief.

47. MicroBilt denies the allegations as conclusions of law to which no response is required and expressly denies willfully or negligently violating the FCRA, or other law and denies causing Plaintiff any harm for which he is entitled to relief.

**WHEREFORE**, MicroBilt demands judgment dismissing Plaintiff's Complaint with prejudice, and awarding MicroBilt costs, fees and such additional relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, MicroBilt hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's allegations and accusations against MicroBilt are unfounded, internally irreconcilable, implausible, and demonstrate a failure to investigate the facts allegedly supporting the allegations and claims.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

MicroBilt has, at all material times with respect to Plaintiff, acted in good faith and

complied fully with the FCRA and did not improperly acquire, furnish or allow the furnishing or dissemination of information in violation of the FCRA or otherwise, or fail to reinvestigate any dispute made by Plaintiff and at all times followed reasonable procedures regarding acquiring, reselling and furnishing of reports.

### FOURTH AFFIRMATIVE DEFENSE

Based upon the averments upon which Plaintiff's claims are made, MicroBilt is immune from suit under the FCRA.

### FIFTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was not caused by any act or omission of MicroBilt.

### SIXTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was caused by Plaintiff's own conduct, and/or failure to mitigate damages, if any, or the conduct of third parties over which MicroBilt has no control or authority.

### SEVENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff, MicroBilt's conduct and any alleged communications were privileged, FCRA compliant and true.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because MicroBilt acted in accordance and compliance with industry standards and customs and applicable federal laws.

### NINTH AFFIRMATIVE DEFENSE

Any claim for exemplary or punitive damages asserted by Plaintiff violates MicroBilt's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State

Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by the provisions of 15 U.S.C. § 1681n.

## TWELFTH AFFIRMATIVE DEFENSE

MicroBilt reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

**WHEREFORE**, MicroBilt demands judgment dismissing Plaintiff's Complaint with prejudice, and awarding MicroBilt costs, fees and such additional relief as the Court deems just and proper.

Dated: <u>April 15, 2021.</u>    Respectfully submitted,

BAKKE NORMAN, S.C.

*/s/ William E. Wallo*
William E. Wallo
Attorney No. 1029646
130 South Barstow Street, Suite 1C
Eau Claire, WI  54701
Telephone: 715-514-4258
wwallo@bakkenorman.com

Bruce S. Luckman
*Pro hac to be filed*
Sherman, Silverstein, Kohl,
 Rose & Podolsky, P.A.
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744

*Attorneys for MicroBilt Corporation*